BROWN v. UNITED STATES.

No. 14184.

United States Court of Appeals
Fifth Circuit.

March 11, 1953.

James H. Martin, Dallas, Tex., for appellant.

Lester L. May, Asst. U. S. Atty., and Frank B. Potter, U. S. Atty., Dallas, Tex., for appellee.

Before HOLMES, BORAH, and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

The appellant and his wife were indicted jointly in one count, charged with knowingly and unlawfully acquiring approximately 1841 grains of marihuana without having paid the special transfer tax thereon. The case was tried to a jury. At the close of the testimony, the wife withdrew her plea of not guilty and entered a plea of guilty; the appellant was convicted, and sentenced to three years imprisonment. Notice of appeal was timely made, and he is here seeking a reversal of the judgment. The pertinent facts are as follows:

On the 18th of April, 1952, about 4:30 p. m., two police officers, having previously obtained a search warrant, entered appellant's residence and served the warrant upon his wife, who was alone in the house. They found two marihuana cigarettes in the wife's shirt pocket, some bulk marihuana on the dining room table, and some marihuana in a shoe-box top in a cedar chest, along with some marihuana seed; all of which was introduced in evidence. It was agreed in open court by the attorneys for the government and the defendants that the exhibits in evidence contained approximately 1841 grains of marihuana, that it was marihuana, and that the government's chemist, if he were present, would testify that he had tested it and it was marihuana. It was further stipulated that the Deputy Collector of Internal Revenue, if he were present, would testify that he made a demand on both of the defendants to produce the order form as required by the Act, 26 U.S.C.A. §§ 2591, 2595, and that they failed to do so.

■ We think the evidence is sufficient to sustain a verdict against the appellant, but the record must be free from prejudicial error. The appellant assigns as error the admission of the officers' testimony that they had information that the defendants were dealers in marihuana. This was objected to as hearsay and prejudicial. The trial court admitted it as evidence of reasonable grounds for the issuance of a search warrant, but instructed the jury not to consider it as evidence against the defendant. This evidence, in our opinion, was pure hearsay and wholly incompetent on the trial below, however proper it may have been on the hearing of the application for a search warrant. The search warrant was *prima facie* valid, and the propriety of its issuance was not being questioned. To allow the officers to give hearsay evidence that the defendants were dealers in marihuana cannot be justified upon the ground that the testimony showed the basis for the issuance of the search warrant. Such incompetent evidence is reversible error in a close case like this one.

■ The crucial part of the proof of appellant's guilt rested upon circumstancial evidence. He was not present when the officers entered his house, arrested his wife, searched her and the house, found the marihuana, and said to her: "Pat, is that all you have got here? If you have any more, you might as well tell me where it is, because I will find it anyway." Nor was he present when she replied: "No, go ahead and look around, we might be big dealers." This evidence was repeated: "Q. Did she say 'we'? A. Yes, sir, we might be big dealers. By Mr. Martin: What did she say? A. We might be big dealers. By Mr. May: Do you know of anybody living in the residence besides those two? A. No, sir." The government contended that this evidence was a part of the *res gestae,* and admissible since they were being tried jointly. The appellant contended that it was not admissible as to him, as he was not there. The judge said: "I will admit it for the present."

Later, the appellant renewed his objection on the ground that the word "we" was hearsay as to him and inculpatory, urging the court to withdraw it from consideration by the jury. The court ruled: "Other interpretations may be made of the use of the word 'we'. When the court goes to write an opinion, he says 'we'. So I think I will

476

let the jury decide what 'we' means." To which the defendant's attorney replied that the jury ought to be told not to consider it as to him. The court said: "I think it goes to the probative value of the declaration." Consequently, the verdict of the jury may be interpreted to mean that "we" included the woman's husband. If so, the verdict rests at least in part upon hearsay evidence.

■ Another specification is that harmful error was committed by the manner in which the court ruled upon the answer of the witness Frazier that he had arrested the appellant's wife "at different hotels." This answer was unresponsive to the question, highly prejudicial, and immediately objected to by appellant's attorney, who also asked for a mistrial. The court instructed the jury to disregard it, and the incident should not be repeated on another trial. The appellant also complains of the inadequacy of the instructions to the jury, but at the close of its charge the court asked each side if there were additional requests and none were presented. On another trial, however, we think that the jury should be more fully instructed on the law of circumstantial evidence.

For the errors above mentioned, the judgment appealed from is reversed, the verdict set aside, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.